UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) | |
| v. | ) ) | Criminal Action No. 21-087 (TJK) |
| MICHAEL SPARKS, | ) ) ) | |
| Defendant. | ) ) | |

**MOTION TO DISMISS COUNTS ONE AND TWO
OF FIRST SUPERSEDING INDICTMENT**

Comes the defendant, Michael Sparks, by counsel, and moves the Court pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure for an order dismissing Counts One and Two of the First Superseding Indictment [ECF No. 22 , hereinafter referred to as "FSI"] charging him, respectively, with civil disorder in violation of 18 U.S.C. §§231(a)(3) and 2 and obstruction of an official proceeding in violation 18 U.S.C. §§1512(c)(2) and 2. FSI ¶¶1 and 2.

Defendant is not unmindful or disrespectful of this Court's resolution of virtually identical claims in the case of <u>United States v. Nordean, et al.</u>, Criminal Action No. 21-175 (TJK). However, the applicability and constitutionality of §§231(a)(3) and 1512(c)(2) as applied to the events of January 6, 2021, and the unique circumstances of this case have yet to be reviewed by the Court of Appeals or the Supreme Court. In order to provide constitutionally effective representation of Mr. Sparks, it is prudent to raise them in the

context of this case due to the substantially less egregious facts alleged by the government versus the Nordean case and in a good faith effort to preserve the issues for appellate review in order to extend, modify, or reverse the Court's conclusions or to establish new law. FRCP 11.

## Facts Alleged in the Complaint and Contained in Discovery

The Complaint herein alleges that on January 6, 2021, a joint session of Congress convened at the Capitol to certify the vote count of the Electoral College for the 2020 presidential election. The doors of the Capitol were locked and the grounds secured with barricades to control a large crowd that had gathered outside. Shortly after 2:00 pm, some individuals in the crowd forced entry into the building by "breaking windows and by assaulting members of the U.S. Capitol Police." Proceedings were suspended and the chambers evacuated until shortly after 8:00 pm, when the sessions resumed. ECF No. 1-1, p. 1. Video footage shows defendant "following a group of men" lead by one Douglas Austin Jensen into the Capitol through a broken window. It is clear from surveillance video that while defendant may have been the first to enter the building through the broken window, he did not break or even assist in the breaking of that window. No connection or coordination between defendant and Jensen is alleged other than they happened to be in the group that initially entered the building. ECF No. 1-1, p. 5. Jensen–not defendant–approached Capitol Police Officer Eugene Goodman in a threatening manner and chased him up a flight of stairs. After other officers arrived and contained the group, it is alleged that defendant "confronts"

Officer Goodman. When an officer orders the group to leave, defendant reportedly responds "We're standing here for you as well. This is our America. This is our America." ECF No. 1-1, p. 2.

Discovery presented to defense counsel by the United States substantially belies this narrative. For example, Officer Goodman was interviewed by the FBI on January 16, 2021, and cast the whole encounter with Mr. Sparks in a much different, certainly less intense, light. While three others in the group may have been belligerent and caused him concern, he specifically recalled Mr. Sparks as being non-threatening and told the FBI agents that he had no particular concern about him at all. He also denied being chased by the group, as alleged in the complaint.

> GOODMAN recognized the male in the photographs (hereinafter "UNM1").[1] GOODMAN identified himself as the police oficer on the left in both of the photographs.
>
> Though it was very loud, GOODMAN did not believe UNM1 was acting in a threatening manner, rather GOODMAN recalled UNM1 making the following statements, "This is our house. I'm with you. I support police officers. You need to join us on this side." In fact, GOODMAN recalled that UNM1 kept trying to "fist bump" him in solidarity. Many of the statements coming from the rest of the group were political in nature.
>
> GOODMAN did not believe many people in the group were trying to hurt him. It appeared as though most of the group merely wanted to get around him. GOODMAN tried to keep the group in front of him until help came or until he could get to help.
>
> There were three individuals in the group that concerned GOODMAN the most. The first individual was the male in the front of the video wearing a

---

[1] The defendant, Michael Sparks.

beanie hat and a black shirt with the letter "Q".[2] The second individual was the male who had his face painted, was wearing horns, and was carrying what appeared to be a spear.[3] The third individual was a male who was carrying a confederate flag and appeared to have tear drops either painted or tattooed on his person.[4]

(FD-302 #16-2021, File #176-WF-3366759-SPARKS). Indeed, the government's own surveillance footage follows defendant as he meanders through the Capitol taking video with his cell phone before peaceably leaving. He is not shown entering any offices or either chamber of Congress. He is not shown assaulting, obstructing, or impeding anyone or damaging any property. Internet postings by defendant in advance of January 6, 2021, reveal no coordination with any person or group and no exhortations to violence. ECF No. 1-1, pp. 8-9.

## The First Superseding Indictment

The FSI charges defendant with, *inter alia*, committing, attempting to commit, and aiding and abetting others in committing civil disorder in violation of 18 U.S.C. §§231(a)(3) and 2 and obstruction of an official proceeding in violation 18 U.S.C. §§1512(c)(2) and 2. ECF No. 22 ¶¶1 and 2. In particular, the FSI charges as follows:

### COUNT ONE

On or about January 6, 2021, within the District of Columbia, **MICHAEL SPARKS**, committed and attempted to commit an act to obstruct,

---

[2] Douglas Austin Jennings.

[3] Jacob Chansley.

[4] Kevin Seefried.

impede, and interfere with a law enforcement officer lawfully engaged in the lawful performance of his/her official duties incident to and during the commission of a civil disorder, and the civil disorder obstructed, delayed, and adversely affected the conduct and performance of a federally protected function which in any way and degree obstructed, delayed, and adversely affected commerce and the movement of any article and commodity in commerce and the conduct and performance of any federally protected function.

(**Civil Disorder and Aiding and Abetting**, in violation of Title 18, United States Code, Section 231(a)(3) and 2)

### COUNT TWO

On or about January 6, 2021, within the District of Columbia and elsewhere, **MICHAEL SPARKS**, attempted to, and did, corruptly obstruct, influence, and impede an official proceeding, that is, a proceeding before Congress, by entering and remaining in the United States Capitol without authority and committing an act of civil disorder, and engaging in disorderly and disruptive conduct specifically, Congress's certification of the Electoral College vote as set out in the Twelfth Amendment of the Constitution of the United States and 3 U.S.C. §§15-18.

(**Obstruction of an Official Proceeding and Aiding and Abetting**, in violation of Title 18, United States Code, Sections 1512(c)(2) and 2)

Id.

### Grounds for Dismissal

Count One should be dismissed because Congress's certification of the Electoral College vote on January 6, 2021, was not a "federally protected function" within the meaning of 18 U.S.C. §231(a)(3) as defined in 18 U.S.C. §232(3). While the Court agreed in Nordean that this is the case, it went on to hold that even if the certification of the Electoral College vote was not a "federally protected function", the protection of the Vice President and Vice

President Elect on the floor of the Senate by the Secret Service was. However, unlike others charged in the January 6 demonstrations, no allegation is made that defendant interacted with—let alone obstructed, impeded, or interfered with—Secret Service agents protecting the Vice President and Vice President Elect.

Count One should also be dismissed because 18 U.S.C. §231(a)(3) exceeds Congress's Commerce Clause authority by reaching and seeking to criminalize purely non-economic intrastate activity which does not have a substantial effect on interstate commerce. United States v. Lopez, 514 U.S. 549, 559 (1995), United States v. Morrison, 529 U.S. 598, 607-19 (2000).

Count Two fails to state an offense against the United States because Congress's formal certification of the Electoral College vote was not an "official proceeding" within the meaning of 18 U.S.C. §1512, in that it was not related to the administration of justice before a tribunal or Congress's implied power of investigation in aid of legislation. United States v. Ermoian, 752 F.3d 1165, 1169-70 (9th Cir. 2013). As the FSI itself alleges, there was no "hearing *before* a tribunal" on January 6, but rather a "certification of the Electoral College vote." FSI, ¶2. The joint session on January 6 was not an exercise of Congress's investigatory power. 167 Cong. Rec. H79, 105-06, 108, 111 (2021); 167 Cong. Rec. S16, 25, 32 (2021).

## Conclusion

For the foregoing reasons, defendant respectfully requests that the Court dismiss Counts One and Two of the First Superseding Indictment.

/s/ Scott T. Wendelsdorf (Ky. Bar. No. 75790)
Federal Defender
629 Fourth Avenue
200 Theatre Building
Louisville, Kentucky 40202

(502) 584-0525
Scott_Wendelsdorf@fd.org

Counsel for Defendant.

## CERTIFICATE

I hereby certify that on February 2, 2022, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following: Hava Mirell, Assistant United States Attorney.

/s/ Scott T. Wendelsdorf