UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | |
| | : | |
| **MICHAEL SPARKS** | : | |
| | : | **Criminal Action No. 21-087 (TJK)** |
| and | : | |
| | : | |
| **JOSEPH HOWE,** | : | |
| | : | |
| **Defendants** | : | |

## MOTION OF DEFENDANT SPARKS TO SEVER DEFENDANTS

Comes the defendant, Michael Sparks, by counsel, and moves the Court pursuant to Rule 14(a) of the Federal Rules of Criminal Procedure to sever the trials of the defendants and the offenses herein. In support of said motion, defendant states the following:

This case arises out of the demonstrations at the Capitol on January 6, 2021, protesting the certification by Congress of the vote of the Electoral College for president and vice president. The second superseding indictment herein (DN 39) charges defendants Howe and Sparks jointly in only three of the fourteen counts with one non-violent felony and two non-violent misdemeanors, none of which will involve allegations or evidence at trial of the use or carrying of deadly and dangerous weapons, physical assaults on law enforcement officers, or destruction of government property. Defendant Sparks is charged individually in three counts with one non-violent felony and two non-violent misdemeanors, none of which will

involve allegations or evidence at trial of the use or carrying of deadly and dangerous weapons, physical assaults on law enforcement officers, or destruction of government property. Defendant Howe is charged individually in the remaining eight counts with eight felonies, seven of which are violent felonies and all of which will involve allegations and evidence at trial of the use or carrying of deadly and dangerous weapons, physical assaults on law enforcement officers, or destruction of government property. A summary chart of these charges is attached hereto and incorporated herein as Exhibit A.

In sum, defendant Sparks, who committed no acts of violence, used or carried no deadly or dangerous weapons, committed no physical assaults, and engaged in no destruction of government property is joined for trial with a co-defendant who did all of those things. Evidence of Mr. Howe's direct physical attack on law enforcement personnel with dangerous and deadly weapons and his violent destruction of government property will so inflame and enrage the jury that it will be impossible for it to compartmentalize the proof against Mr. Howe and exclude it totally from their deliberations regarding Mr. Sparks. The jury will inevitably paint Mr. Sparks with the same brush with which the government paints Mr. Howe. Accordingly, Mr. Sparks will be prejudiced at a joint trial with the admission of inflammatory evidence against Mr. Howe that would not be admissible against him were they tried separately.

Rule 14(a) of the Federal Rules of Criminal Procedure requires severance if such prejudice results from a joinder of defendants:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Id. If Mr. Sparks is tried with Mr. Howe, evidence admissible only against Howe in support of the violent felonies charged in counts four, five, six, seven, eight, nine, and thirteen—of which Sparks is not charged or otherwise culpable—will be introduced. Evidence that Howe engaged in violent conduct while armed with deadly and dangerous weapons, physically assaulted law enforcement officers, and damaged government property cannot help but have a prejudicial spillover effect on Mr. Sparks' defense of the non-violent offenses charged in counts one, two, ten, eleven, twelve, and fourteen. This prejudice can only be avoided by severing the defendants and trying each separately.

Severance under Rule 14(a) is proper in this case because "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993).

> Such a risk might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant. For example, evidence of a codefendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty.

Id. This risk of prejudice is heightened where, as here, the co-defendants "have markedly different degrees of culpability." Id. Such is the case when the evidence against one defendant is "more damaging than evidence against the other defendant." United States v.

3

Manner, 887 F.2d 317, 324 (D.C. Cir. 1989), and the "disparities in the "weight, quantity, or type" of evidence against the moving defendant and other co-defendants [are] such that a jury could not "reasonably compartmentalize the evidence introduced against each individual defendant." United States v. Halliman, 923 F.2d 873, 884 (D.C. Cir. 1991) (quoting Manner, 887 F.2d at 317 and United States v. Hernandez, 780 F.2d 113, 119 (D.C. Cir. 1986).

For the foregoing reason, the Court should sever the defendants and order separate trials for each.

/s/ Scott T. Wendelsdorf (Ky. Bar. No. 75790)
Federal Defender
629 Fourth Avenue
200 Theatre Building
Louisville, Kentucky 40202

(502) 584-0525
Scott_Wendelsdorf@fd.org

Counsel for Defendant.

## CERTIFICATE

I hereby certify that on March 8, 2023, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Scott T. Wendelsdorf