# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| v. | ) | **Criminal Action No. 21-087 (TJK)** |
| **MICHAEL SPARKS,** | ) | |
| **Defendant.** | ) | |

## MOTION IN LIMINE

Comes the defendant, by counsel, and moves the Court *in limine* pursuant to the Due Process Clause of the Fifth Amendment; the Fair Trial Clause of the Sixth Amendment; and Rules 401, 402, 403, 404, 702, 703, and 705 of the Federal Rules of Evidence to prohibit the United States and its witnesses from testifying about, commenting upon, or otherwise admitting into evidence or displaying before the jury 1) evidence of defendant's lawful firearm purchases on January 2, 2021, and January 10, 2021; 2) speculation that defendant may have been wearing body armor under his jacket on January 6, 2021; 3) evidence that Joseph Howe was observed wearing body armor under his jacket on January 6, 2021; 4) cell phone records of Joseph Howe; and 5) a plate carrier vest belonging to and worn by Joseph Howe.

The United States has proffered as Government Exhibits 600 through 611[1] records of defendant's lawful purchases of a Savage Arms Model 64 FV-SR .22 caliber rifle on January 2, 2021, and a Taurus Model M605 revolver on January 10, 2021. Discovery produced by the United States contains no evidence whatsoever that defendant intended to bring or did bring any firearms to the Capitol on January 6, 2021, or that at any time and place relevant to the charges herein he possessed any firearms. He is not a prohibited person under United States or Kentucky firearms statutes and possession of the firearms was not otherwise prohibited by United States or Kentucky law. In short, his purchase and possession of the firearms in Kentucky was entirely lawful. Neither firearm was transported to or possessed within the District of Columbia on January 6, 2021, or at any other time. Accordingly, such evidence is irrelevant under FRE 401 and, therefore, inadmissible under FRE 402. Even if deemed relevant, the probative value of such evidence is substantially outweighed by the danger of unfair prejudice and confusion of the issues and must be excluded under FRE 403. Also, such testimony would constitute impermissible character evidence prohibited by FRE 404.

In another case in this district, <u>United States v. Joseph Howe</u>, No. 1:22-mj-00231-MAU[2], FBI Special Agent Matthew Jaggers provided an affidavit[3] in support of the complaint in which he stated, *inter alia*, as follows: " Based on the fit of his jacket and other

---

[1] See Appendix A attached hereto.

[2] Mr. Howe was eventually joined with Mr. Sparks in the second superseding indictment herein, but his case commenced as this separate prosecution.

[3] See Appendix B attached hereto.

images I have reviewed of Sparks that afternoon, it appears he is wearing a bulky vest underneath his jacket consistent with the appearance of body armor—much like HOWE who is seen in later footage from January 6, 2021, wearing a body-armor style vest underneath his outer jacket." (No. 1:22-mj-00231-MAU, at DN 1-1, p. 5). Neither Special Agent Jaggers nor anyone else has not been designated an expert witness pursuant to FRE 702, 703, or 705 as required by this Court's pretrial order. Accordingly, any non-expert comment on or speculation concerning whether defendant may have been wearing concealed body armor is irrelevant under FRE 401 and, therefore, inadmissible under FRE 402. Even if deemed relevant, the probative value of such evidence is substantially outweighed by the danger of unfair prejudice and confusion of the issues and must, therefore, be excluded under FRE 403. Such testimony would also violate FRE 704 in that it would constitute an opinion as to whether defendant had a mental state or condition that constitutes an element of the crimes charged. Also, such testimony would constitute impermissible character evidence prohibited by FRE 404. These objections apply with even stronger force to Special Agent Jaggers' statement—or that of anyone else—that while defendant was not seen wearing body armor, Joseph Howe *was* seen wearing body armor, thus inviting the jury to speculate that if Mr. Howe wore body armor that could be seen it is more likely that defendant was wearing body armor that could not be seen.

The government proffers as Exhibits 701 through 713[4] Joseph Howe's cell phone records containing evidence of 1) a Go-Fund-Me site Mr. Howe set up to raise money for his anticipated trip to Washington, D.C., on January 6, 2021, to protest the legitimacy of the presidential election results; 2) a calendar entry showing that Mr. Howe had a reservation at the Holiday Inn Washington Capitol on December 12, 2020, to December 14, 2020—some 3 weeks *before* January 6, 2021; 3) a text exchange between Mr. Howe and defendant on November 17, 2021—over 10 months *after* January 6, 2021—discussing their opposition to the Moderna mRNA COVID vaccine and a casual reference to the "election being stole" ; 4) a text exchange between Mr. Howe and defendant on January 9, 2022—over 1 year *after* January 6, 2021—again complaining about COVID vaccine requirements and their belief that ongoing court cases would eventually reveal election fraud; 5) a text exchange between Mr. Howe and defendant on January 14, 2022— over 1 year *after* January 6, 2021—in which defendant forwarded a post of someone criticizing Speaker Nancy Pelosi; 6) a text exchange between Mr. Howe and defendant on January 15, 2022—over 1 year *after* January 6, 2021—in which defendant mentions rumors that the 2020 election results were going to be decertified in Arizona, Georgia, and Wisconsin "real soon"; 7) a text exchange between Mr. Howe and defendant on July 29, 2022—over 1½ years *after* January 6, 2021.—in which defendant mentions a rumor that the 2020 election results had been ruled illegitimate by the Wisconsin Supreme Court and were going to be decertified and that Arizona was going to

---

[4] See Appendix C attached hereto.

do a re-count; and 8) a text exchange between Mr. Howe and defendant on October 21, 2022—over 21½ months *after* January 6, 2021—in which defendant mentions going to jail when his case is tried, which at the time was scheduled for February, 2023. These items are irrelevant under FRE 401 and, therefore, inadmissible under FRE 402. Even if deemed relevant, the probative value of such evidence is substantially outweighed by the danger of unfair prejudice to the defendant and confusion of the issues and must, therefore, be excluded under FRE 403. Also, such testimony would constitute impermissible character evidence prohibited by FRE 404.

Lastly, the government proffers as Exhibit 722[5] a picture of body armor belonging to Joseph Howe found on Mr. Howe's cell phone. The fact that Mr. Howe may have possessed body armor is irrelevant under FRE 401 and, therefore, inadmissible under FRE 402. Even if deemed relevant, the probative value of such evidence is substantially outweighed by the danger of unfair prejudice to the defendant and confusion of the issues and must, therefore, be excluded under FRE 403. Also, such testimony would constitute impermissible character evidence prohibited by FRE 404.

Defendant moves *in limine* to prohibit the United States and its witnesses from testifying about, commenting upon, or otherwise admitting into evidence or displaying before the jury the evidence described above.

---

[5] See Appendix D attached hereto.

/s/ Scott T. Wendelsdorf (Ky. Bar. No. 75790)
Federal Defender
629 Fourth Avenue
200 Theatre Building
Louisville, Kentucky 40202

(502) 584-0525
Scott_Wendelsdorf@fd.org

Counsel for Defendant.

**CERTIFICATE**

I hereby certify that on January 26, 2024, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Scott T. Wendelsdorf