UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____  )
                                   )
**UNITED STATES OF AMERICA,**      )
                                   )
                        Appellee,  )
                                   )
        v.                         )   **Criminal Action No. 21-087 (TJK)**
                                   )
**MICHAEL SPARKS,**                )
                                   )
                        Appellant. )
_____  )

**DEFENDANT'S MOTION FOR RELEASE AND STAY OF
EXECUTION OF SENTENCE PENDING APPEAL**

Comes the defendant-appellant, Michael Sparks, by counsel, and moves the Court pursuant to 18 U.S.C. §§3141(b) and 3143(b) and Rule 38 of the Federal Rules of Criminal Procedure for release and stay of execution of his sentence pending appeal. Defendant-Appellant's request for release is based on his claims on appeal that, *inter alia*, 1) defendant's above guideline sentence was procedurally unreasonable because the District Court failed to adequately explain the reason for that sentence and failed to fully consider the 18 U.S.C. §3553(a) factors and other information relevant to them; 2) defendant's above guideline sentence was substantively unreasonable because it is greater than necessary to comply with the purposes of 18 U.S.C. §3553(a); was imposed without giving full consideration to all of the §3553(a) factors; gave an unreasonable amount of weight to punishing defendant for technically being the first person to enter the Capitol on January 6,

2021, rather than his actions after doing so; and created an unjust and unwarranted disparity among offenders convicted of similar offenses; and 3) defendant's above guideline sentence is grossly disproportionate to the offenses of conviction and thus violates the Eighth Amendment's prohibition against cruel and unusual punishment. The Court need not resolve the merits of Mr. Sparks' claims in order to release him pending his appeal. This Court need only find that his appellate claims raise a "substantial question of law." Mr. Sparks respectfully submits that his appeal does raise such questions.

Counsel for the government has authorized the undersigned to represent to the Court that it opposes this motion.

**Background**

After his defeat in the 2020 presidential election, Donald Trump called upon his followers—of which Mr. Sparks was one—to come to Washington, D.C., to—as he put it—"stop the steal". Mr. Sparks believed his president and traveled to Washington, D.C., on January 6, 2021, to protest what he had been told was a stolen election. As the protest grew, the crowd—at Trump's behest—eventually made its way to the Capitol itself and gained entry to the building at eight different locations. Mr. Sparks entered on the west side of the Capitol at the Senate Wing Door at 2:13 p.m., and made his way to the Ohio Clock Corridor where he verbally confronted and argued his views about a stolen election with police officers for approximately eight minutes. He was not armed, did not possess or use any dangerous weapons, assaulted no one, and did not destroy or damage any property. At 2:26

p.m., he literally quit the protest and walked away, leaving the Ohio Clock Corridor and returning to the Senate Wing Door at 2:28 p.m., where he peacefully left the Capitol at 2:33 p.m—20 minutes after he entered. While other protestors became more and more enraged and lingered in the Capitol for hours fighting and attacking police, engaging in violence and destruction, invading Congressional offices, terrorizing staff, and even entering the Senate and House chambers themselves, Mr. Sparks—who did none of these things—stood outside the building passively observing matters.

Defendant was charged with and convicted at trial of two felony and four misdemeanor counts arising out of his participation in the demonstrations at the Capitol on January 6, 2021, specifically Obstruction of an Official Proceeding in violation of 18 U.S.C. §§1512(c)(2) and 2; Civil Disorder in violation of 18 U.S.C. §§231(a)(3) and 2; Entering and Remaining in a Restricted Building or Grounds in violation of 18 U.S.C. §1752(a)(1); Disorderly or Disruptive Conduct in a Restricted Building or Grounds in violation of 18 U.S.C. §1752(a)(2); Disorderly or Disruptive Conduct in a Capitol Building in violation of 40 U.S.C. §5104(e)(2)(D); and Parading, Demonstrating, or Picketing in a Capitol Building in violation of 40 U.S.C. §5104(e)(2)(G). On motion of the United States, the Court subsequently dismissed the charge of Obstruction of an Official Proceeding in light of Fischer v. United States, ___ U.S. ___, 144 S.Ct. 217 (1924). Defendant's total offense level on the remaining counts was found by the Court to be 14 and his criminal history category I for an advisory guideline sentence of 14 to 21 months, Zone D, with a JSIN (Judiciary

Sentencing Information) average sentence of 14 months and a JSIN median sentence of 15 months.

The Court upward departed from the top of the advisory guideline range by over 250% and sentenced defendant to 53 months imprisonment to be followed by three years of supervised release.

**Grounds for Release Pending Appeal**

Under 18 U.S.C. §3143(b)(1), a court shall order release pending appeal if it finds:

(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ; and

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in –

(i) reversal,

(ii) an order for a new trial,

(iii) a sentence that does not include a term of imprisonment, or

(iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

Mr. Sparks has demonstrated by clear and convincing evidence that he will not flee or pose a danger to the community by virtue of his complete compliance for some 45 months with the pretrial and presentence release conditions that have been in place since his release on personal recognizance at the time of his arrest on January 19, 2021. As the Court is aware,

Mr. Sparks is 47 years old, and has lived in Hardin County, Kentucky, with his family and relatives his entire life. He is married and has three children, six year old twin boys and a 28 year old daughter, as well as a 19 year old step daughter. He is a care giver for his ailing mother and a longtime member of the Franklin Crossroads Baptist Church in Cecilia, Kentucky, where he teaches Sunday school for middle school students and men's ministry classes. His only criminal conviction is a 27 year old misdemeanor underage DUI conviction when he was 20 years old. He is in good health with no history of mental or emotional problems and does not abuse drugs or alcohol. He owns his own land management business and works approximately 50 hours per week—and will continue to do so during the pendency of his appeal.

Mr. Sparks submits that because this appeal is not for purposes of delay and because he presents no issue of dangerousness or potential flight, the only question is whether his appeal raises a "substantial question of law" that, if decided in his favor, would be likely to result in reversal, or a sentence that does not include a term of imprisonment, or a term of imprisonment that is less than the expected duration of the appeal process.

A "substantial question" within the meaning of §3143(b) is "'a close question or one that very well could be decided the other way.'" *United States v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987) (per curiam) (quoting *United States v. Bayko*, 774 F.2d 516, 523 (1st Cir. 1985)). This standard does not require that the Court find that Mr. Sparks' appeal establishes a likelihood of reversal before it may grant him release pending appeal. *See Bayko*, 774 F.2d

at 522-23. Rather, the Court must "evaluate the difficulty of the question" on appeal, *United States v. Shoffner*, 791 F.2d 586, 589 (7th Cir. 1986), and grant release pending appeal if it determines that the question is a close one or one that "very well could be" decided in the defendant's favor.

In this case, Mr. Sparks submits that the questions he wishes to raise on appeal[1] are substantial ones. He intends to challenge 1) the procedural reasonableness of a sentence that is over 250% of the top of the appropriate guideline sentencing range and 380% of the JSIN average sentence without an adequate explanation of the reason for that disparate sentence and without fully considering the 18 U.S.C. §3553(a) factors and other information relevant to them; 2) The substantive reasonableness of the sentence because it is greater than necessary to comply with the purposes of 18 U.S.C. §3553(a); was imposed without giving full consideration to all of the §3553(a) factors; gave an unreasonable amount of weight to punishing defendant for technically being the first person to enter the Capitol on January 6, 2021, rather than his actions after doing so; and created an unjust and unwarranted disparity among offenders convicted of similar offenses

> We review sentencing challenges using a two-step analysis. First, we consider whether the district court committed a "significant procedural error" in arriving at the sentence. *United States v. Lawrence*, 662 F.3d 551, 556 (D.C. Cir. 2011); *see Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). Second, if the district court's sentencing decision was

---

[1] While defendant was represented at trial by the undersigned, the Federal Community Defender for the Western District of Kentucky, his appellate counsel will be the Federal Public Defender for the District of Columbia, who may very well identify additional issues to raise on appeal.

> procedurally sound, we consider whether the sentence is "substantively reasonable." *Lawrence*, 662 F.3d at 556. In that regard, we examine "the totality of the circumstances, including the extent of any variance from the guidelines range." *Gall*, 552 U.S. at 51, 128 S.Ct. 586. Our review of both the procedural soundness and substantive reasonableness of a sentence is for abuse of discretion. *Id.*

*United States v. Williamson*, 903 F.2d 124, 134 (D.C. Cir. 2018). Defendant also challenges his above guideline sentence as being grossly disproportionate to the offenses of conviction and thus violative of the Eighth Amendment's prohibition against cruel and unusual punishment.

> The concept of proportionality is central to the Eighth Amendment. Embodied in the Constitution's ban on cruel and unusual punishments is the "precept of justice that punishment for crime should be graduated and proportioned to [the] offense." *Weems v. United States*, 217 U.S. 349, 367, 30 S.Ct. 544, 54 L.Ed. 793 (1910).

*Graham v. Florida*, 560 U.S. 48, 59 (2010). In determining whether a sentence is grossly disproportionate to the offense,

> [a] court must begin by comparing the gravity of the offense and the severity of the sentence. [*Harmelin v. Michigan*] 501 U.S., at 1005, 111 S.Ct. 2680 (opinion of KENNEDY, J.). "[I]n the rare case in which [this] threshold comparison . . . leads to an inference of gross disproportionality" the court should then compare the defendant's sentence with the sentences received by other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions. *Ibid*. If this comparative analysis "validate[s] an initial judgment that [the] sentence is grossly disproportionate," the sentence is cruel and unusual. *Ibid*.

560 U.S., at 60. Here, defendant has a strong argument that the stated reasons for the grossly disproportionate upward departure, which emphasized the happenstance that defendant was technically the first to enter the Capitol while ignoring the more relevant facts that he was

in the building for only 20 minutes, engaged in strictly verbal argument with police for a mere eight minutes before leaving, was not armed, did not possess or use any dangerous weapons, assaulted no one, and did not destroy or damage any property. The upward departure also resulted in an inappropriate sentence that constituted an unjust and unwarranted disparity between defendant's sentence and those imposed on offenders with similar backgrounds and convicted of similar offenses in violation of 18 U.S.C. §3553(a)(6)—more than those who committed similar acts and less than those who lingered in the Capitol for hours, instead of merely 20 minutes, fighting and attacking police, engaging in violence and destruction, invading Congressional offices, terrorizing staff, and even entering the Senate and House chambers themselves.

## Conclusion

For these reasons, defendant-appellant moves the Court to grant this motion and order his release as well as a stay of the execution of his sentence pending resolution of his appeal.

/s/ Scott T. Wendelsdorf (Ky. Bar. No. 75790)
Federal Defender
629 Fourth Avenue
200 Theatre Building
Louisville, Kentucky 40202

(502) 584-0525
Scott_Wendelsdorf@fd.org

Counsel for Defendant.

## CERTIFICATE

      I hereby certify that on September 9, 2024, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                                                  /s/ Scott T. Wendelsdorf