UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

MICHAEL SPARKS,

    *Defendant*.

Criminal Action No. 21-87 (TJK)

## MEMORANDUM ORDER

Michael Sparks was convicted of a host of offenses in connection with his role in the attack on the U.S. Capitol on January 6, 2021: Obstruction of an Official Proceeding, in violation of 18 U.S.C. §§ 2 & 1512(c)(2); Civil Disorder, in violation of 18 U.S.C. §§ 2 & 231(a)(3); Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1); Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2); Disorderly Conduct in a Capitol Building, in violation of 18 U.S.C. § 5104(e)(2)(D); and Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 18 U.S.C. § 5104(e)(2)(G).

The evidence at trial showed, among other things, that Sparks was aware of Congress's certification of the Electoral College vote that day; that on social media in early January, he had expressed a willingness to engage in violence against members of Congress; that he arrived at the U.S. Capitol that day wearing protective clothing; that he maneuvered his way to the front of the mob as it breached police lines and stormed onto the Upper West Terrace; that he was the first rioter to enter the U.S. Capitol, doing so through a broken window near the Senate wing door, emboldening those behind him and paving the way for countless rioters to stream inside; that he was one of only a handful of rioters to reach a corridor right next to where members of the U.S.

Senate and the Vice President were still present before they could be evacuated; and that he maintained a standoff with officers employed by the U.S. Capitol Police for about ten minutes, at times shouting and angry. The Court set sentencing for July 9, 2024.

On June 28, 2024, the Supreme Court decided *Fischer v. United States*, in which it held that, "[t]o prove a violation of Section 1512(c)(2), the Government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or . . . other things used in the proceeding, or attempted to do so." 144 S. Ct. 2176, 2190 (2024). The parties then jointly moved to continue sentencing until August 27, 2024, and the Court dismissed the Obstruction of an Official Proceeding count at the Government's request.

The Court sentenced Sparks on the remaining counts of conviction and imposed a sentence of 53 months' imprisonment, to be followed by 36 months of supervised release. ECF No. 143. That sentence reflected an upward departure and, in the alternative, an upward variance from the advisory Sentencing Guidelines range, which recommended a term of imprisonment of between 15 and 21 months. At the sentencing hearing, the Court explained in detail why Sparks' intent to obstruct the Electoral College vote, his specific role in doing so, his lack of remorse, and the need to avoid unwanted sentence disparities all warranted an upward departure under U.S.S.G. §§ 5K2.7 and 5K2.21(2), and in the alterative, an upward variance. *See* ECF No. 142.

On September 3, 2024, Sparks filed a notice of appeal. *See* ECF No. 145. He now moves under 18 U.S.C. §§ 3141(b) & 3143(b) and Federal Rule of Criminal Procedure 38 for a stay of execution of his sentence pending appeal. ECF No. 148. The Court will deny Sparks' motion because he has failed to show that he is entitled to such a stay.

*       *       *

Under 18 U.S.C. § 3143(b), a defendant convicted and sentenced to a term of imprisonment

must, by default, "be detained" pending appeal. That default, however, is not absolute. A defendant challenging his conviction or sentence on appeal may seek relief from his sentence while his appeal is pending. But the defendant must show he meets the statutory requirements for such relief. Courts have generally broken those requirements down into two prongs. *E.g.*, *United States v. Libby*, 498 F. Supp. 2d 1, 3 (D.D.C. 2007). The first, applicable to all defendants seeking relief, requires a defendant to show "by clear and convincing evidence that [he] is not likely to flee or pose a danger to the safety of any other person or the community." 18 U.S.C. § 3143(b)(1)(A). The second requires the defendant to show one of the following:

> the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

*Id.* § 3143(b)(1)(B).

Sparks' entire argument is that the Court erred in imposing 53 months of incarceration instead of a sentence within the recommended Guidelines range. Thus, he does not argue that a successful appeal would result in "reversal," "an order for a new trial," or "a sentence that does not include a term of imprisonment." *See* 18 U.S.C. § 3143(b)(1)(B)(i)–(iii). Instead, he rests his entire motion on § 3143(b)(1)(B)(iv), which applies when success on appeal would result in "a reduced sentence." That dooms his motion because it requests relief that the statute does not authorize. When a party seeks relief based on "the circumstance described in subparagraph (B)(iv)," a court cannot "order the release of the" defendant. *Id.* § 3143(b)(1) (flush language). Instead, a court may only "order the detention terminated at the expiration of the likely reduced sentence." *Id.* In other words, "even if [Sparks] received relief under § 3143(b)(1)(B)(iv), he would begin serving his term of imprisonment and the court would order only that he be released after serving

3

the duration of the 'likely reduced sentence.'" *United States v. Brock*, No. 23-3045, 2023 WL 3671002, at *1 (D.C. Cir. May 25, 2023) (quoting 18 U.S.C. § 3143(b)(1)(B)(iv)).  Thus, Sparks "has not shown a statutory basis for the relief requested in his motion, which is to remain on release now."[1]  *Id.*

*          *          *

For all the above reasons, it is hereby **ORDERED** that Sparks' Motion for Release and Stay of Execution of Sentence Pending Appeal, ECF No. 148, is **DENIED**.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: October 4, 2024

---

[1] Nor has Sparks shown that he satisfies all the statutory elements entitling him to relief under § 3143(b)(1)(B)(iv).  For example, he does not explain how success on appeal would result in "a reduced sentence" shorter than "the expected duration of the appeal process."  18 U.S.C. § 3143(b)(1)(B)(iv).